STATE v. THE JUDGE OF THE EIGHTH JUDICIAL DISTRICT.

The 129th Article of the Constitution which requires that the laws of this State shall be promulgated in the English and French languages, is not violated by section second of the Act of the Legislature of March 16th, 1859, entitled " an act to change and regulate the terms of the District Courts in the Eighth Judicial District," which declares that the Act shall take effect from and after its passage.

There is no prohibition in the Constitution, against the repeal of laws, in any form, in which the Legislature can give a clear expression of its will.

ON an application for a *mandamus* to the *Hon. J. C. Wilson*, Judge of the Eighth Judicial District Court. *M. T. Carter*, District Attorney, relator.

MERRICK, C. J. This is an application (with the proper averments showing interest and jurisdiction) for a writ of *mandamus* against the Judge of the Eighth Judicial District, to compel him to hold the courts for the April and May terms, in the parishes of St. Helena and Livingston.

The refusal of the Judge to hold the above named terms of the court, is the consequence of his construction of the recent Act of the Legislature, bearing the number 120, approved March 16th, 1859, and entitled " an Act to change and regulate the terms of the District Courts in the Eighth Judicial District of the State of Louisiana."

It consists of two sections, as follows :

" Sec. 1. Be it enacted, &c., That the terms of the District Courts in the Eighth Judicial District, be as follows, viz :

" In the parish of St. Helena, the jury terms shall commence on the third Monday of April, and first Monday of November.

" In the parish of Livingston, the jury terms shall commence on the second Monday of May and the third Monday of October.

" In the parish of St. Tammany, the jury terms shall commence on the fourth Monday of May, and fourth Monday of November.

" In the parish of Washington, the jury terms shall commence on the third Monday of June and second Monday of December.

" Sec. 2d. Be it further enacted, &c., That this Act shall take effect from and after its passage, and all laws regulating the terms of courts in said parishes, are hereby repealed."

The District Judge rests his refusal to hold the courts in St. Helena and Livingston, under said Act, on two grounds, viz :

1st. That the Act has not been promulgated in English and French, as contemplated by the Constitution.

2d. That it is in fact, an amendment of the fifteenth section of the Act of the Legislature, approved March 10th, 1855, entitled an Act relative to District Courts, and as such is void, being in contravention of Art. 116 of the present Constitution.

I. The 129th Article of the Constitution is in these words, viz : " The Constitution and laws of this State, shall be promulgated in the English and French languages."

Article 132 of the Constitution of 1845, was in the same words.

This provision was not supposed to be necessary when the Constitution of 1812 was adopted. The portion of the inhabitants speaking English, did not then, as now, out number those using the French language as their mother tongue. At

that time, it was deemed necessary to provide that the laws, &c., should be written and promulgated in the English language ; the language in which the Constitution of the United States is written. In 1845, as well as in 1852, it was considered necessary to protect, by the Constitution, those speaking the French language.

Those whose mother tongue was English, were protected by Article No. 103 of the Constitution of 1845, and 100 of the Constitution of 1852.

The Article in question does not therefore appear to have been introduced for the purpose of declaring that laws must be promulgated before they can be made to have effect, but simply that they shall be promulgated in French as well as English.

The Judges, under the Constitution of 1845, some of whom had aided in framing the instrument, do not appear to have had any doubt on this question. In the matter of the *Merchants' Bank of New Orleans,* 2 An. 68, they gave effect to a statute containing a similar clause, without hesitation.

In the affairs of a State, as well as of individuals, it is impossible to anticipate the exigencies which may arise in the future, and there would be a singular want of foresight to take from the State or the individual, the power of immediate action to meet such emergencies. See *Buhol* v. *Boudousquie,* 8 N. S. 433 ; *City of New Orleans* v. *Holmes, Recorder of Mortgages,* 13 An.

II. On the second ground, the Act does not appear to contravene the 116th Article of the Constitution. It does not revive any Act which has expired by limitation or been repealed. It does not amend any Act by its title. The only reference it makes to former statutes, is to *repeal* them, and there is no prohibition in the Constitution against the repeal of laws in any form in which the Legislature can give a clear expression of its will.

But were it to be considered as an amendment, instead of a repeal of the 15th section of the Act of 1855, p. 493, sec. 15, we are not prepared to say that it would contravene the Article in question, for the new law (the amended section) is reënacted and published at length, and the Constitution seems to require no more. See the case of *Arnault* v. *The City of New Orleans,* 11 An. 56, 57 ; and 12 La. 318.

The District Judge, in order to facilitate this proceeding and enable the relator to obtain a speedy trial, has taken notice of the application for a writ of *mandamus,* and filed his answer, and waived all formalities and delays, and consents that a peremptory *mandamus* issue at once, should the reasons assigned by him be deemed insufficient by this court.

After carefully considering the grounds of objection to the constitutionality of the Act, they do not appear to us to be sufficient to enable this court to declare the Act in question void.

But it is now evident, that the term of the court cannot be held in the parish of St. Helena, in the remaining portion of the time allotted by the Act for the April and May term, and it would be idle to order the Judge to hold such term. Indeed, the court can only be held in Livingston, by availing ourselves of the consent of the District Judge to award the peremptory *mandamus* at once.

It is, therefore, ordered, adjudged and decreed by the court, that a *mandamus* issue immediately, commanding the *Hon. Julius E. Wilson,* Judge of the Eighth Judicial District of Louisiana, to proceed to hold a jury term of the District Court, in and for the parish of Livingston, to be begun and holden on the second Monday of May instant, in accordance with the Act of the Legislature, approved March 16th, 1859, and that the relator pay the costs of court.